UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEE MAX LARRIVIERE                                CIVIL ACTION

VERSUS                                            NUMBER: 08-4420

SHERIFF VERNON BOURGEOIS, ET AL.                  SECTION: "R"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Lee Max Larriviere, against defendants, Sheriff Vernon Bourgeois, Warden Leroy Lirette, Medical Director Richard Petie Neal, and Head Nurse Margie Whitney. (Rec. docs. 1, 8). Plaintiff, an inmate of the Rivers Correctional Center ("RCC") at the time that suit was filed, complained of the adequacy of the medical care he had received while he was previously incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC"). (Id.).

Shortly after suit was filed the Court was notified that plaintiff had been transferred from RCC to the Basile Detention Center ("BDC") in Basile, Louisiana. (Rec. doc. 4). On August 20, 2009, plaintiff advised the Court that he had been transferred again, this time to the Richland Parish Detention Center ("RPDC") in Rayville, Louisiana . (Rec. doc. 17). By order dated September 16, 2009, the Court scheduled a telephonic status conference for

October 15, 2009 at 3:00 p.m. with a copy of said order being provided to the Warden of RPDC with instructions for him to make plaintiff available at the time of the conference. (Rec. doc. 20). After receiving a copy of that order, jail personnel at RPDC advised the Court that plaintiff had been released from that facility. (See rec. doc. 21). Indeed, two orders that were recently issued in this case, including the order scheduling the status conference, that were mailed to plaintiff at his address of record, RPDC, have been returned to the Court for the reason that plaintiff is no longer housed at that facility. (Rec. docs. 22, 23). It has now been over thirty days since those two pieces of mail were returned to the Court as undeliverable.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx.

589, 593 n.1 (5th Cir. 2007), cert. denied, ____, U.S. ____, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

prejudice." (Rec. doc. 1, p. 6). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, this failure is attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __23rd__ day of __November__, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4